OPINION OF THE COURT
Frank A. Sedita, Jr., J.
At issue on this motion is whether or not a public improvement lien is enforceable against a corporation created by the Tribal Council of the Seneca Nation to provide low-cost housing on the Reservation for members of the tribe. We have found no case in point on this issue and believe this to be a case of first impression.
An examination of the specific statutory language of section 5 of the Lien Law reveals that such a lien may be filed to enforce contracts with "the state or a public corporation”. Since the Seneca Nation Housing Authority (hereinafter the *1041 Authority) is clearly not an agency of New York State, it would have to fall under the category "public corporations” if this type of lien was to be enforceable.
Much of the argument herein focuses on the meaning therefore of the term "public corporation”. In analyzing this issue, we must first look to the General Construction Law. In section 66 (1) of said law the term "public corporation” is defined as including "a municipal corporation, a district corporation, or a public benefit corporation”.
Section 66 defines "municipal corporation” as "a county, city, town, village, and school district”. Our Authority clearly does not fall under this category. Section 66 defines a "district corporation” as a territorial division of the State which can assess taxes. Clearly our Authority does not fit this category.
The third and last category defined under section 66 is a "public benefit corporation” which is thus defined: "4. A 'public benefit corporation’ is a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which inure to the benefit of this or other states, or to the people thereof.”
Under this definition, to be a "public corporation”, its benefits must flow to "this or other states, or the people thereof”. Clearly, the benefits of this corporation are meant to exclusively benefit the Seneca Nation and its members (tribal ordinance creating the Authority). Duly recognized Indian tribes are viewed as quasi-sovereign entities. (Duro v Reina, 495 US 676 [1990].)
While tribal members may also enjoy many of the rights of non-Indian citizens the reverse is not true. Tribal rights and the benefits of tribal membership are not generally available to the public at large.
Since the benefits of this corporation do not flow to the State or to the people of the State generally, it cannot be considered a "public benefit corporation”.
Since the Authority in issue does not fall under any of the three categories of "public corporation” defined in the General Construction Law, and since only "public corporations” or the State are subject to section 5 of the Lien Law, we are compelled to conclude that this remedy is not available to the respondent herein.
Accordingly, the application to vacate the subject public improvement lien is granted.